**Oliver Giola WEST, Jr., Petitioner–Appellant,**

v.

**Superintendent Dennis BRESLIN, Respondent–Appellee.**

No. 08–0274–pr.

United States Court of Appeals, Second Circuit.

Feb. 9, 2011.

Jan Hoth (Robert S. Dean, on brief), Center for Appellate Litigation, New York, NY, for Appellant.

Mark Dwyer, Malancha Chanda (Robert M. Morgenthau, on brief), District Attorney Office, New York County, New York, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Appellant Oliver West, Jr. was convicted by a New York state court jury of Rape in the First Degree and Sodomy in the First Degree. He was sentenced as a "persistent felony offender" under Section 70.10 of New York Penal Law to two concurrent terms of fifteen years to life in prison. West appeals the denial of his application for a writ of habeas corpus, arguing that New York's persistent felony offender statute violates his constitutional due process and jury rights. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's denial of a habeas petition. *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir.2010). We may grant a writ of habeas corpus on a claim that has been previously adjudicated on the merits by a state court only if the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Jones v. West*, 555 F.3d 90, 96 (2d Cir.2009).

West's sole argument on appeal is that New York's persistent felony offender statute, N.Y. Penal Law § 70.10, violates clearly established federal law by infringing on his constitutional due process and jury rights as outlined by the U.S. Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). In *Portalatin v. Graham*, 624 F.3d 69 (2d Cir.2010) (*in banc*), we held that New York's persis-

tent felony offender statute did not violate clearly established federal law as determined by the U.S. Supreme Court. Specifically, we held that New York's persistent felony offender statute was consistent with the U.S. Supreme Court's holdings in *Apprendi, Ring, Blakely, Booker,* and *Cunningham. Id.* at 93–94. Therefore, West's petition is without merit.

We hereby **AFFIRM** the district court's denial of West's application for a writ of habeas corpus.